# CONSTANTINE CANNON LLP

**Jeffrey I. Shinder**
Attorney at Law
212-350-2709
jshinder@constantinecannon.com

NEW YORK | WASHINGTON | LONDON

July 25, 2013

**BY ECF**

Hon. John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Visa U.S.A. Inc. v. National Association of Convenience Stores*, 13-cv-3074 (JG)(JO)

Dear Judge Gleeson:

We write on behalf of Defendants to request a pre-motion conference, pursuant to the Court's Individual Practice 3(A), concerning Defendants' anticipated motion to dismiss the Complaint for Declaratory Judgment pursuant to Rules 12(b)(1) and 12(b)(6).

The Complaint is a procedural gambit directed at opt-out cases filed (and expected to be filed) by major national retailers – not these Defendants. The Declaratory Judgment Plaintiffs – defendants in MDL 1720 – filed this action *four days before* the deadline to opt out of their settlement. The Complaint's purported justification was a fear of opt-out litigation. Compl. ¶ 2. This is pretext – none of the Defendants announced any intention to sue and opt-out letters were not even due.[1] The timing of the Complaint was a tactical decision designed to chill opt outs and to litigate Plaintiffs' defenses to antitrust claims from opt-out plaintiffs – not Defendants – in their preferred forum. The Court should dismiss the Complaint for at least three reasons.

*First*, this Court lacks jurisdiction because there is no actual case or controversy. Under Article III and the Declaratory Judgment Act ("DJA"), federal courts may issue a declaratory judgment only "[i]n a case of actual controversy."[2] Supreme Court precedent "require[s] that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[3] The dispute must be of "sufficient immediacy and reality to warrant

---

[1] Many absent class members were considering whether to opt out when this action was filed and immediately reported in the press.  *See* Andrew R. Johnson, *Visa, MasterCard Strike Back at Swipe-Fee Settlement Foes*, Wall St. J. (May 24, 2013); Class Counsel Letter, MDL 1720 Dkt. No. 5861 at n.1 ("More than half of the total number of exclusion requests were received by the Class Administrator on or after May 28, 2013, the exclusion deadline.").

[2] 28 U.S.C. § 2201; *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ("[T]he phrase 'case of actual controversy' in the [DJA] refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III.").

[3] *MedImmune, Inc.*, 549 U.S. at 127 (internal quotation and alteration omitted).

273589.7

335 MADISON AVENUE, NEW YORK, NY 10017  TELEPHONE: (212) 350-2700  FACSIMILE: (212) 350-2701  WWW.CONSTANTINECANNON.COM
A LIMITED LIABILITY PARTNERSHIP

CONSTANTINE CANNON LLP

NEW YORK | WASHINGTON | LONDON

Hon. John Gleeson
July 25, 2013                                                                                                                Page 2

the issuance of a declaratory judgment."[4]  A plaintiff seeking declaratory relief because of impending litigation must establish that a threat of litigation exists and that it is not remote.[5]

Plaintiffs claim they filed the Complaint before the deadline to opt out of the proposed settlement in MDL 1720 because they assumed that Defendants would "opt out . . . to continue to pursue litigation." Compl. ¶ 2.  There is no support for Plaintiffs' claim – three Defendants did not opt out and none have even threatened to pursue litigation.[6]  Any claim that Plaintiffs reasonably believed that a lawsuit was imminent is not credible.  As class representatives, Defendants have made clear throughout MDL 1720 that they are primarily interested in structural changes to a broken system rather than past damages.  Defendants have consistently maintained that position since they registered principled opposition to the proposed settlement, and they opted out to express complete opposition to the settlement as part of their effort to obtain more meaningful class-wide relief.  *See, e.g.*, NGA Press Release (Feb. 21, 2013) ("It is clear to NGA that by deciding to opt out and object to the proposed settlement it sends a clear and unequivocal message that the proposed settlement should be rejected at the fairness hearing on September 12, 2013.").[7]  Thus, Plaintiffs had no reasonable basis to anticipate imminent litigation from Defendants – who, other than Walmart, are the only defendants sued out of some 8,000 opt-outs.  This is especially so prior to the Court's decision on final approval of the proposed settlement, as it is well established that Defendants are primarily interested in seeing the settlement rejected by this Court.  There is simply no actual case or controversy here, mandating dismissal of the Complaint for lack of subject matter jurisdiction.

***Second***, the Complaint seeks plainly improper declarations addressed solely to past conduct.  Courts routinely reject such attempts to secure a "declaration of non-liability for allegedly intentional acts that occurred in the past . . . ."[8]  Because a declaratory judgment is a prospective remedy, "[t]here is no basis for declaratory relief where only past acts are involved."[9]  The purpose of the DJA is to avoid accruing further damages where a party is uncertain of its rights; it is "not intended to be used by parties who seek a declaration of non-liability to preemptively defeat tort claims already accrued by past wrongful conduct."[10]

---

[4] *Id.* (internal quotation omitted).

[5] *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 97 (2d Cir. 2011) (declaratory judgment action dismissed for lack of subject matter jurisdiction because threat of litigation "remote or nonexistent").

[6] MDL 1720 Dkt. No. 5871-1 (Report of the Class Administrator showing that National Cooperative Grocers Association, National Restaurant Association, and Affiliated Foods Midwest Cooperative did not opt out).

[7] Class members may opt out for many reasons, such as to express dissatisfaction with the proposed settlement, or to exercise their First Amendment right not to sue.  *See generally* Maximilian A. Grant, *The Right Not to Sue: A First Amendment Rationale for Opting Out of Mandatory Class Actions*, 63 U. Chi. L. Rev. 239, 248 (1996); MDL 1720 Dkt. No. 2598 (Consumers Union Objection, explaining decision to opt out and forgo monetary relief).

[8] *John Wiley & Sons, Inc. v. Visuals Unlimited, Inc.*, No. 11 Civ. 5453 (CM), 2011 WL 5245192, at *4 (S.D.N.Y. Nov. 2, 2011).

[9] *Nat'l Union Fire Ins. Co. v. Int'l Wire Grp., Inc.*, No. 02 Civ. 10338 (SAS), 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003) (citation omitted).

[10] *John Wiley & Sons, Inc.*, 2011 WL 5245192, at *4.

273589.7

**CONSTANTINE CANNON LLP**

NEW YORK | WASHINGTON | LONDON

Hon. John Gleeson
July 25, 2013                                                                                                               Page 3

The object of Plaintiffs' declaratory relief is entirely in the past. *See, e.g.*, Compl. ¶ 120. Plaintiffs seek an advisory ruling that their past conduct did not violate the antitrust laws and that their anticipatory defenses – which Plaintiffs would raise only if any Defendant that did opt out actually sued over that past conduct – protect them from liability.[11] Plaintiffs do not seek any declaratory judgment that would avoid future damages or affect the ongoing relationships of the parties. Plaintiffs' declaratory judgment action is improper.

***Third***, public policy supports dismissal. Due process requires that class members be free to opt out of class actions to remove themselves from a litigation and to preserve their individualized monetary claims.[12] Mere preservation of a claim does not entitle a potential defendant to sue immediately for a declaratory judgment having nothing to do with the ongoing relationships of the parties. If the Court permits this case to proceed, any class member wishing to exclude itself from litigation or considering whether to preserve its claims must additionally assess the risks, costs, and inconvenience of being immediately brought to court to defend against unnecessary declaratory actions. Such a result would chill opt outs and distort the due process protections guaranteed by the Fifth Amendment and Rule 23.

This Complaint is part of an effort to ensure that all litigation regarding Plaintiffs' past conduct is heard in this Court, which Plaintiffs apparently perceive is a favorable forum.[13] Less than a month after this Complaint was filed, Visa filed a nearly identical complaint for declaratory relief against Wal-Mart Stores Inc. in this Court. Plaintiffs have cited these two actions to the Judicial Panel on Multidistrict Litigation in support of transferring all opt-out cases to this Court.[14] This Court should not countenance Plaintiffs' attempt to use the DJA as a sword for their procedural fencing.

Respectfully submitted,

/s

Jeffrey I. Shinder

---

[11] *See, e.g.*, Compl. ¶¶ 1 (requesting declaration that conduct from 2004 to 2012 did not violate antitrust laws), 143-48 (requesting declaration that *Illinois Brick* defense would bar recovery), 151-56 (requesting declaration that *Visa Check* release would bar recovery).

[12] *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2559 (2011).

[13] Plaintiffs were so intent on ensuring that this action be a part of MDL 1720 that they attempted to file the action directly within MDL 1720, without a new case number or caption. As Plaintiffs stated in support of their motion to stay the *Target* opt-out case, "All of Defendants' actions to this point—including filing declaratory judgment actions—have been consistent with having the pre-trial proceedings of the opt-out claims coordinated in a single court before the judge who has been presiding over MDL 1720 (and related litigation) for almost 20 years." 13-cv-3477 Dkt. No. 83 at 7 n.4.

[14] *See Visa v. Wal-Mart Stores Inc.*, No. 13-cv-3355 (E.D.N.Y. Compl. filed June 12, 2013); *Target Corp. v. Visa Inc.*, No. 13-cv-03477-AKH, Mem. in Supp. of Defs.' Mot. to Stay, Dkt. No. 78, at 5; Defs. Mem. in Opp. to Motion to Vacate Conditional Transfer Order, JMPL MDL No. 1720, Dkt. No. 141, at 8, 9, 10.

273589.7